# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**LONNIE HARNESS,**

        Petitioner,

v.

**Civil Action No.: 5:20-cv-232**
Judge Bailey

**PAUL ADAMS,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On October 26, 2020, Lonnie Harness ("petitioner" or "defendant"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition"). The petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction and sentence in United States District Court for the Western District of Kentucky. On October 27, 2020, petitioner paid the filing fee. [Doc. 4]. The matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II. BACKGROUND[1]

---

[1] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket available on PACER. See United States v. Lonnie Harness., 1:15-cr-1-GNS-HBB (WD KY). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On January 21, 2015, the grand jury in the Western District of Kentucky issued a four count indictment against the petitioner. [Doc. 1]. The first three counts charged the petitioner with sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and (e). Count four charged the petitioner with possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(5)(B) and 2252A(b)(2).

On April 30, 2015, the petitioner entered an open plea on all four counts, and on August 5, he was sentenced to serve a total of 300 months imprisonment followed by supervised released for the remainder of his life.[2] [Docs. 20, 29]. At the time of sentencing, the petitioner signed a written acknowledgement of his right to appeal. [Doc. 28], Following the entry of judgment no appeal was taken, and pursuant to Fed. R. App. P. 4(b)(1), the judgment became final fourteen days later on August 18, 2015.

On November 20, 2017, the petitioner filed a Motion pursuant to 28 U.S.C. § 2255 to vacate his convictions claiming ineffective assistance of counsel and that the court had improperly applied the U.S. Sentencing Commission Guidelines. [Doc. 33]. On July 20, 2018, the motion was denied as untimely, and the court declined to issue a certificate of appealability. [Doc. 39].

### III.  STANDARD OF REVIEW

**A.  Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is

---

[2] Specifically, the petitioner was sentenced to 300 months each on Counts 1-3 and 240 months on Count 4, all to be served concurrently.  This sentence was below the guideline range of 360 months to life. [Doc. 24 at 3].

2

charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.     **Pro Se Litigants**

As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

C.     **Post-Conviction Remedies and Relief**

Despite the title he affixes to his petition, the petitioner unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th

Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of

4

the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

### IV.   CLAIMS OF THE PETITION

In support of his pending § 2241, the petitioner alleges that he is the subject of an unlawful sentence-unlawful conviction because the District Court did not consider existing law and ensure that he was given fair and equal judgment. He expounds on this by arguing that he was convicted and sentenced for actions that do not constitute a knowledgeable crime and his sentence/conviction was not correct according to statute and federal law. He also alleges that he was denied effective representation, effective

judicial oversight, and/or fair and impartial prosecution. He further alleges that there was no effective Rule 11 colloquy. Finally, he alleges a violation of "3553," maintaining that his sentence was excessive because if he was guilty of any crime at all, it would be on the low end because only 23 photos made up the government's case. For relief, the petitioner requests that this Court vacate his sentence and either sentence according to actual knowledge conduct or complete vacation due to no crime committed. He also asks to be released from prison.

## IV.   ANALYSIS

Although the petitioner has not raised the savings clause, he is not entitled to its application. First, to the extent that the petitioner is challenging his conviction, even if he satisfied the first and third elements of Jones, the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of Jones.[3]  To the extent the petitioner is attempting to challenge his sentence, the Court must review the petition under the four-part Wheeler test. As to the first prong, at the time of sentencing, settled law established the legality of the sentence imposed.[4] However, the petitioner cannot meet the second element of the Wheeler test because he cites no change to the settled law which established the legality of his sentence, let alone a change that has been deemed to apply retroactively to cases on collateral

---

[3] The claims raised by the petitioner do not remotely satisfy the savings clause. They are clearly allegations that were raised in his untimely § 2255 motion. The fact that he was barred from raising those claims because of the statute of limitations on filing a § 2255 does not serve to satisfy the savings clause.

[4] Pursuant to 18 U.S.C. § 2251(e), the mandatory minimum for the first three counts was fifteen years imprisonment, and the maximum penalty was 30 years imprisonment. The conviction on Count 4 carried no minimum sentence and a maximum sentence of 20 years imprisonment because the collection contained depictions of prepubescent children. The statutory maximum term for all charges combined was 100 years imprisonment.

review.

In conclusion, because the petitioner clearly attacks the validity of his conviction and sentence and fails to establish that he meets the Jones or Wheeler requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## V.  RECOMMENDATION

Based on the foregoing reasoning, the undersigned recommends that the petition [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:**  October 28, 2020

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE