**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**LONNIE HARNESS,**

        Petitioner,

v.                               **CIVIL ACTION No. 5:20-CV-232**
                                      Judge Bailey

**PAUL ADAMS,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 5]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on October 28, 2020, wherein he recommends that petitioner's petition [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

The petitioner is a federal inmate who is incarcerated at USP Hazelton in Bruceton Mills, West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on October 26, 2020, pursuant to 28 U.S.C. § 2241 challenging his conviction. *See* [Doc. 1]. On August 5, 2015, petitioner was sentenced to serve a total of 300 months imprisonment.

In his petition, petitioner alleges four grounds on which he seeks relief. First, petitioner alleges that he is the subject of an "unlawful sentence-unlawful conviction"

1

because the District Court "did not consider existing law [and] ensure defendant was given fair [and] equal justice. . . ." [Doc. 1 at 5]. Petitioner argues that he was "convicted [and] sentenced for actions that do not constitute a knowledgable [sic] crime nor were sentence/conviction correct according to statute [and] federal law." Second, petitioner alleges that he was "denied effective representation, effective judicial oversight, and/or fair [and] impartial prosecution." [Id. at 6]. Third, petitioner asserts that there was "no effective Rule 11 colloquey [sic]." [Id.]. Finally, petitioner alleges a "violation of 3553," maintaining that his sentence was excessive because "if [he was] guilty of any crime at all, it would be on the extreme low end" due to the fact the government's case consisted of only 23 photos. [Id. at 7]. For relief, petitioner requests this Court to vacate his sentence and either sentence "according to actual knowledgeable conduct or complete vacation - due to no crime committed." [Id. at 8]. He also requests to be released from prison. [Id.].

On October 28, 2020, Magistrate Judge Mazzone issued his R&R. The magistrate judge found that because the petitioner fails to establish the *Jones* or *Wheeler* requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. *See* [Doc. 5 at 7]. Accordingly, the R&R recommends the petition be denied and dismissed without prejudice. [Id.]

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections to the R&R [Doc. 8] on November 16, 2020. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner

under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also* ***United States v. Poole***, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. ***In re Jones***, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

***Poole***, 531 F.3d at 269 (quoting ***In re Jones***, 226 F.3d at 333–34).

Here, the magistrate judge found that even though petitioner had not raised the savings clause, he is not entitled to its application because he cannot satisfy the second element of ***Jones***.

In petitioner's objections, he asserts three objections to the R&R. First, petitioner asserts that his actions "do not constitute a knowledgeable crime" because he "lacked knowledge." [Doc. 8 at 1]. Second, petitioner asserts that the Supreme Court case of ***Rehaif*** "has made clear the importance of proving knowledge in a criminal case." [Id. at 2]. Third, petitioner asserts that he does meet the Savings Clause as established by ***Rehaif*** and its progeny. [Id.]. As noted above, this Court must construe *pro se* filings

liberally. *Haines v. Kerner*, 404 U.S. 520 (1972). However, it is the petitioner who bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed. App'x. 72 (4th Cir. 2001). Petitioner does not satisfy the savings clause of § 2255(e) because he does not challenge that the crimes for which he was convicted remain criminal offenses. Accordingly, petitioner cannot meet the second prong of *Jones* and his objections are overruled.

## IV. CONCLUSION

Having reviewed the R&R for clear error, it is the opinion of this Court that the Report and Recommendation [**Doc. 5**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections [**Doc. 8**] are **OVERRULED**. This Court further **ORDERS** that petitioner's petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: November 17, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

5